UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00920-WLH-KES | Date | March 3, 2026 |
|---|---|---|---|
| Title | *Yougqun Yang v. Fereti Semaia et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Lesbith Castillo | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]**

The Court is in receipt of Petitioner Yongquin Yang's *Ex Parte* Application for Temporary Restraining Order (the "Application"). (Application, Dkt. No. 3). On January 26, 2026, the Court ordered Respondents to file a response to the Application by March 2, 2026. (Order, Dkt. No. 6). No opposition was filed. As such, the Court deems the Application unopposed. For the reasons set forth below, the Court **GRANTS** Petitioner's Application.

Petitioner is a foreign national from China who entered the United States on February 29, 2024. (Application at 6-7; *see also* Declaration of Yongqun Yang ("Yang Decl.") ¶ 2, Dkt. No. 3). After entering the United States, Petitioner was apprehended and released by immigration authorities shortly thereafter. (Application at 6-7). Petitioner applied for asylum while her removal proceedings remained pending. (*Id.*). During a routine check-in with Immigrations and Custom Enforcement ("ICE") officials on December 22, 2025, Petitioner was re-detained. (*Id.*). Prior to her arrest, Petitioner was not "informed that she would be re-detained or that her release would be revoked." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

On February 25, 2026, Petitioner filed a petition in this Court seeking a writ of habeas corpus ("Habeas Petition"). (*See generally*, Habeas Petition, Dkt. No. 1). Petitioner filed an *ex parte* Application arguing her continued detention without bond, among other legal infirmities, violates her due process rights under the Fifth Amendment. (Application at 6; *see also* Yang Decl. ¶ 9). Petitioner requests the Court immediately release her from custody. In the alternative, Petitioner requests the Court order Respondents to provide her with a bond hearing before an immigration law judge within seven days and enjoin Respondents from detaining Petitioner absent notice and compliance with statutory and constitutional requirements. (Application at 14).

Because the Respondents do not oppose this Application, its merits are conceded. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirement of opposition brief or statement of non-opposition).

The INA permits that, "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Under Section 212.5(e)written notice of the termination of parole is required except where the immigrant has departed or when the specified period of parole has expired. *See* 8 C.F.R. § 212.5(e). Section 212.5(e)(2)(i) states "parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole." 8 C.F.R. § 212(e)(2)(i).

Based on the undisputed facts in this case, none of these provisions permit ICE to revoke her parole status. Because Petitioner has established that: (1) she is likely to succeed on the merits for the reasons stated in the Application; (2) she is likely to suffer irreparable harm in the absence of preliminary relief as demonstrated by she continued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

illegal detention; and (3) the balance of equities tips in her favor such that an injunction is in the public interest, the Court **GRANTS** Petitioner's Application. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining the four factors that courts apply in evaluating TROs and preliminary injunctions: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest).   The Court **ORDERS** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner from detention;
2. Respondents are also **ORDERED** to place Petitioner on supervision under the same conditions before her re-detention.  Respondents must file a declaration by March 4, 2026, confirming Petitioner has been released from custody;
3. Respondents are **ENJOINED** from detaining Petitioner, or placing any significant restriction on her liberty such as electronic monitoring, unless they provide her with a pre-detention hearing before a neutral decisionmaker;
4. Petitioner is not required to secure a bond, as the government has provided no evidence of costs it will incur in releasing Petitioner.  *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("[A court] may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [their] conduct.");
5. Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter;
6. Respondents are **ORDERED** to show cause in writing no later than five (5) days from the date of this Order why the Court should not issue a preliminary injunction.  Petitioner may file a Reply no later than seven (7) days from the date of this Order;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

7. A hearing on whether a preliminary injunction should be issued is set for March 13, 2026, at 1:30 p.m.; and

8. The Parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order on or before March 9, 2026. The joint status report shall also address whether the habeas petition is moot.

**IT IS SO ORDERED.**